IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GERALD T. REILLY, Individually and on behalf of Other Similarly Situated Citizens, <br><br> *Plaintiffs*, <br><br> vs. <br><br> WELLS FARGO BANK, NATIONAL ASSOCIATION, <br><br> *Defendants.* | Civil Action No. 5:11-cv-743 <br><br> **PLAINTIFF'S ORIGINAL COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Gerald T. Reilly ("Plaintiff"), individually and on behalf of other similarly situated individuals, and files this his Original Complaint against Defendant Wells Fargo Bank, National Association ("Wells Fargo," "Defendant") and in support thereof, would respectfully show the Court as follows:

### PRELIMINARY STATEMENT AND NATURE OF THE CASE

1.  This case concerns the unfair, deceptive and fraudulent practices Defendant Wells Fargo against unsuspecting Texas citizens. Plaintiff brings this action against Defendant Wells Fargo as a remedy for fraud, negligent misrepresentation, conversion, breach of contract, breach of good faith and fair dealing, unconscionable acts, unjust enrichment, and for violations of the Texas Deceptive Trade Practices Act ("DTPA").

2.  Plaintiff will effectuate service of process on Defendant Wells Fargo Bank, N.A., pursuant to Fed. R. Civ. P. 4(i)(2), by sending a copy of this summons and

Complaint via certified mail, return receipt requested, to the following persons and entities, which may be served by serving:

> Corporation Service Company
> 701 Brazos Street,
> Suite 1050
> Austin, Texas 78701

## JURISDICTION

3.   The jurisdiction of this Court is based upon 28 U.S.C. § 1332 because the citizenship of the Plaintiff and Defendant satisfies the diversity requirement and the amount in controversy exceeds $75,000.

4.   The jurisdiction of this Court, as to the Plaintiffs' claims against Defendant Wells Fargo pursuant to violations of Federal statutes and law, is based upon 28 U.S.C. § 1331.

5.   The jurisdiction of this Court, as to the Plaintiffs' claims against Defendant Wells Fargo pursuant to the Texas DTPA, is based upon 28 U.S.C. § 1367.

## VENUE

6.   To the extent that Defendant Wells Fargo operates offices in Bexar county, and all or a substantial portion of the Defendant's acts and omissions forming the basis of this Complaint occurred in Bexar County, venue is proper pursuant to 28 U.S.C. § 1391(a).

## CONDITIONS PRECEDENT

7.   All conditions precedent have been satisfied prior to filing this suit.

## PARTIES

8.   Plaintiff, Gerald T. Reilly, is a resident of Bexar County, Texas.

9.   On information and belief, Defendant Wells Fargo Bank, N.A. is a banking association under the laws of the United States, and doing business in Bexar

County, Texas. Wells Fargo is a wholly owned subsidiary of Wells Fargo & Company, which is chartered in Sioux Falls, South Dakota and incorporated under the laws of Delaware. Additionally, the Defendant is a foreign corporate fiduciary registered with the Texas Secretary of State as a domesticated foreign corporation.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action against Wells Fargo on behalf of a class consisting of all persons or entities in Texas who have suffered as a result of deceptive and fraudulent bank tactics regarding the excessive and improper withholding of deposited funds and wire transfers, said withholdings being improper, unlawful and/or in violation of Defendants' good faith obligations under the Uniform Commercial Code.

11. Plaintiff is a member of the Class and will fairly and adequately assert and protect the interests of the Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the other members of the Class. Plaintiff has retained attorneys who are experienced in class action and complex litigation.

12. The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are thousands of members of the Class, whose identities can be easily ascertained from the files and records of the Wells Fargo Defendants and from other sources. Plaintiff and his counsel do not anticipate any difficulties in the management of the class action.

13. Common questions of law and fact predominate over any question affecting the representative Plaintiff and the members of the Class. Common questions include, but are not limited to, the following:

    (a)    Whether Wells Fargo holds customers' deposited funds for

>   excessive periods of time to generate interest on the funds not passed along to the customers; and
>
> (b) Whether Wells Fargo's practice of excessively holding deposited funds is in violation of Wells Fargo's good faith and fair dealing obligations under the Uniform Commercial Code.

14. Adjudicating separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and would establish incompatible standards of conduct for the Parties opposing the Class. Likewise, adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of other class members' interests who are not parties to the adjudication or would substantially impair or impede their ability to protect their interests. A class action is appropriate for the fair and efficient prosecution of this action and would allow litigation of claims that, in view of the expense of litigation, would clearly be insufficient in amount to support separate actions.

### GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

15. At all times relevant hereto, Plaintiff Gerald T. Reilly maintained checking accounts with Wells Fargo Bank.

16. At various times in 2009, 2010 and 2011, Wells Fargo Bank accepted cash funds from the Plaintiff for the purpose of completing wire transfers. Without adequate notice or reasonable explanation, Wells Fargo failed to transfer such funds into the intended recipients' accounts and instead kept the funds for periods of time ranging from 24 to 72 hours.

17. On three separate occasions, Plaintiff inquired as to the location of the funds during the illicit holding periods, and was informed by Wells Fargo employees that the funds were either transferred into a Wells Fargo "sweep

account" or a Wells Fargo "holding account." Plaintiff did not authorize Wells Fargo to transfer any funds into such accounts, was not informed of Wells Fargo's intent to do so, and did not possess any ownership interest in such accounts.

18.     In a similarly deceptive fashion, Wells Fargo has, on numerous occasions in 2010 and 2011, accepted checks from the Plaintiff, debited Plainitff's account in the amount of the check, and held the funds for unreasonable periods of time without crediting the payee's account. Plaintiff inquired about the location of the funds—having been removed from Plaintiff's account but not yet deposited into the payee's account—and was again told about Wells Fargo's elusive "holding account."

19.     On information and belief, Wells Fargo's "sweep", "holding" and/or "lingering" accounts (funded in part by Plaintiff's improperly and unreasonably withheld funds) are interest-bearing accounts. Despite partially furnishing the capital for the aforementioned "sweep", "holding" and/or "lingering" accounts—albeit unwillingly—Plaintiff never received interest payments for Wells Fargo's utilization of his funds.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT AND BREACH OF U.C.C. DUTY OF GOOD FAITH

20.     Plaintiff repeats and incorporates the allegations contained herein.

21.     Section 1.203 of the Uniform Commercial Code implies in "every contract or duty within this title . . . an obligation of good faith in its performance or enforcement." Plaintiff contends that the relationship between the Plaintiff and the Defendants is governed by the Uniform Commercial Code, giving rise to Defendants' duty to act in good faith and in furtherance of fair dealing. *See Plaza*

*National Bank v. Walker,* 767 S.W.2d 276 (Tex. App.—Beaumont 1989, writ denied).

22.     Defendants were required, as a matter of law, to exercise good faith in establishing wire transfer and deposit policies and procedures. Defendants breached this duty by establishing and concealing policies and procedures designed to deceive customers and deprive them of their funds for unreasonable periods of time, all the while reaping interest on the funds to their customers' detriment and without their customers' knowledge.

23.     The aforementioned acts or omissions by the Defendants were in violation of Defendants' contractual duties of good faith and fair dealing and were a proximate cause of the damages complained of herein. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION:
### FRAUD, FRAUDULENT CONCEALMENT, AND FRAUDULENT MISREPRESENTATION

24.     Plaintiff repeats and incorporates the allegations contained herein.

25.     As a result of custodial, managerial and/or contractual duties arising from the parties' banking relationship, Wells Fargo had a duty to refrain from employing fraudulent or deceptive methods regarding the "sweep", "holding", and/or "lingering" accounts and its customers' funds. Nonetheless, Wells Fargo intentionally and/or knowingly violated this duty when it employed fraudulent methods and otherwise intentionally withheld vital information from the Plaintiff, causing the Plaintiff to forfeit earnings and ownership rights of portions of the profits created by Defendants' "sweep", "holding", and/or "lingering" accounts.

26. On information and belief, Wells Fargo knew that it maintained interest-bearing "sweep", "holding" and/or "lingering" accounts throughout the relevant time period. During this period, Defendant Wells Fargo fraudulently concealed and misrepresented material facts to the Plaintiff in the following ways:

> (a) Defendants fraudulently concealed and misrepresented their transfer of Plaintiff's funds into Defendants' "sweep", "holding" and/or "lingering" accounts to the detriment of Plaintiff;
>
> (b) Defendants fraudulently concealed and misrepresented their receipt of interest and profits propagated by the illicit use of Plaintiff's funds;
>
> (c) Defendants fraudulently concealed Wells Fargo's failure to transfer *any* interest to Plaintiff generated by the "sweep", "holding" and/or "lingering" accounts properly attributable to Plaintiff's funds.

27. The misrepresentations, nondisclosures, and concealment of material facts by Wells Fargo, through its respective authorized agents and representatives, were false and were intended to mislead the Plaintiff. Plaintiff relied upon such misrepresentations and was deceptively induced by Wells Fargo to continue the banking relationship despite Wells Fargo's retention of any and all funds Plaintiff was entitled to receive in the form of interest or profits produced by Plaintiff's funds.

28. As a proximate result of the foregoing, Plaintiff suffered the damages complained of herein and, because such actions resulted from Defendants' gross negligence, malice and/or actual fraud, Plaintiff is entitled to exemplary damages.

### THIRD CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

29. Plaintiff repeats and incorporates the allegations contained herein.

30. Upon information and belief, Wells Fargo was under both a contractual and common law duty to provide honest and truthful services to the Plaintiff. Defendant violated these duties when it failed to extend benefits to Plaintiff and swept Plaintiff's funds into its own accounts, keeping Plaintiff's funds in those accounts for extended periods of time to solely reap interest under the guise of "processing time."

31. Wells Fargo knew, or in the exercise of reasonable diligence should have known, that Plaintiff believed he was entitled to at least *some* of the revenue generated by his funds and that such a belief was reasonable.

32. Plaintiff reasonably and justifiably relied on Defendant's misrepresentations as to the use of his funds for Defendants' "sweep", "holding", and/or "lingering" accounts and was *wholly* deprived of all portions of the profits generated by such accounts.

33. As a proximate result of the foregoing, Plaintiff suffered the damages complained of herein. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

### FOURTH CLAIM FOR RELIEF: CONVERSION

34. Plaintiff repeats and incorporates the allegations contained herein.

35. Plaintiff has a legal right to receive portions of the interest generated by Defendants' use of Plaintiff's funds in the "sweep", "holding", and/or "lingering" accounts. Defendants had, and continue to have, a duty to assure Plaintiff receives a portion of the profits propagated by Defendants' use of the aforementioned funds.

35. Defendants interfered with Plaintiff's possession over both Plaintiff's funds and the portions of the interest and/or profits that Plaintiff was entitled to receive from Defendants' use of those funds. Namely, Defendants, acting without legal authority or justification, assumed and exercised dominion and right of ownership over the funds, and the subsequent interest and/or profits derived from those funds, by transferring the funds into undisclosed accounts owned and operated by the Defendants.

36. Defendants continue to unlawfully retain Plaintiff's property and intend to permanently deprive Plaintiff of his portion of said interest and/or profits.

37. Defendants' actions amount to a wrongful conversion of Plaintiff's property in violation of Texas law.

38. As a proximate result of the foregoing, Plaintiff suffered the damages complained of herein. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

**FIFTH CLAIM FOR RELIEF:**
**BREACH OF FIDUCIARY DUTY**

39. Plaintiff repeats and incorporates the allegations contained herein.

40. Defendants assumed a fiduciary duty to the Plaintiff to act as custodian of Plaintiff's wire transfer funds and, in accordance with that duty, were obligated to dispose of Plaintiffs' funds only as directed in writing by the terms of the wire transfer agreement.

41. Defendants failed to disclose that Plaintiff's funds would be transferred into "sweep", "holding", and/or "lingering" accounts owned and operated by Defendants in lieu of reaching their intended and agreed-upon destination in the payee's accounts.

42. Defendants failed to obtain affirmative consent from Plaintiff authorizing Defendants to transfer funds into such accounts and thereby retain all interest and/or profits from Defendants' unauthorized use.

43. Defendants intentionally, knowingly, recklessly, negligently and/or carelessly breached the fiduciary duties owed to Plaintiff by knowingly receiving and retaining improper benefits from the unauthorized use of Plaintiff's funds. In so doing, Defendants consciously disregarded Plaintiff's rights, partaking in unfair, unconscionable and oppressive banking tactics.

44. The aforementioned acts or omissions by the Defendants were in violation of Defendants' fiduciary duties and were a proximate cause of the damages complained of herein. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court

### SIXTH CLAIM FOR RELIEF: UNJUST ENRICHMENT

45. Plaintiff repeats and incorporates the allegations contained herein.

46. A party cannot induce, encourage or manipulate another provide or render something of value to such party and simultaneously seek avoid providing any compensation for the value received.

47. Defendants' unauthorized use of Plaintiff's funds conferred a financial benefit to Defendants and Plaintiff was entitled to receive portions of the interest and/or profits earned. Defendants were unjustly enriched at Plaintiff's expense.

48. Plaintiff alleges Wells Fargo acted with conscious disregard for the rights of the Plaintiff and as a result, Wells Fargo was unjustly enriched at the expense of, and to the detriment of, the Plaintiff.

49. Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the aforementioned conduct. It is manifestly against the equities to allow Defendant to retain all of the profits garnered from the illicit use of Plaintiff's funds. Defendant should be compelled to disgorge these funds in the amount totaling the wrongful or inequitable proceeds received. Plaintiff further alleges a constructive trust should be imposed upon all wrongful or inequitable sums received by Defendant that are traceable to the Plaintiff.

### SEVENTH CLAIM FOR RELIEF: TEXAS DECEPTIVE TRADE PRACTICES ACT

50. Plaintiff repeats and incorporates the allegations contained herein.

51. Defendant has engaged in conduct that violates the Texas Deceptive Trade Practices Act ("DTPA"). The DTPA must be liberally construed and applied to promote its purpose of protecting consumers against false, misleading, or deceptive business practices, unconscionable action, and breaches of warranty. Tex. Bus. & Com. Code § 17.44.

52. Plaintiff, an individual who acquired goods and services, qualifies as a consumer within the scope of the DTPA. Defendants' wire transfer actions and maintenance of Plaintiff's checking accounts constituted "services" under the DTPA, which defines services as "work, labor, or service purchased or leased for use, including services in connection with the sale or repair of goods." Tex. Bus. & Com. Code § 17.45(2). The services provided by a bank in connection with a checking account fall within the scope of the DTPA. *See La Sara Grain Co. v. First National Bank of Mercedes*, 673 S.W.2d 558, 564-565 (Tex. 1984) (quoting *Farmer's & Merchants State Bank v. Ferguson*, 605 S.W.2d 320, 324 (Tex. Civ. App.—Fort Worth 1980)).

53. Defendants misrepresented the nature of their services as they relate to wire transfers and checking accounts, and engaged in false, misleading and deceptive acts in violation of § 17.46(a) of the DTPA.  Specifically, Defendants

   (a) falsely represented the service provided by the wire transfer and checking account services, alleging that each possessed characteristics, uses, and benefits to the Plaintiff that the services did not,

   (b) falsely represented the standard and quality of the wire transfer and checking account services,

   (c) falsely represented the rights and obligations of the Plaintiff and the Defendant,

   (d) failed to disclose the bank would transfer Plaintiff's funds and thereafter retain all profits materialized by use of such funds,

   (e) falsely represented that certain services and benefits would be provided to the Plaintiff pursuant to the wire transfer and checking account agreements—services and benefits that the Defendant either never intended or failed to confer,

   (f) failed to disclose that the wire transfer and checking account services would generate profits *only* for the bank.

54. In light of the foregoing, Defendants took advantage of the Plaintiff's lack of knowledge, ability, expertise, or capacity with respect to banking practices to a grossly unfair degree.  As such, Defendants' conduct was unconscionable and in violation of § 17.45(5) of the DTPA.

55. Defendants' numerous violations of the DTPA are a producing, direct, and proximate cause of the Plaintiff's legal injuries and warrant remedial measures.  Plaintiff seeks the recovery of punitive damages, as permitted by the DTPA, for Defendants' willful and intentional misconduct.  Plaintiff additionally seeks restitution and injunctive relief available, and seeks to recover reasonable and necessary attorneys' fees pursuant to § 17.50(d) of the DTPA.

56. In the event Plaintiff seeks economic damages, Plaintiff will provide notice to Defendants, as required under the DTPA.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff prays for judgment against all named Defendants as follows:

    A. Damages as allowed on each Cause of Action in an amount according to proof at the time of trial;

    B. Disgorgement of improper gains derived by Wells Fargo's misconduct;

    C. Punitive and exemplary damages;

    D. All together with any interest, pre- and post-judgment, costs and disbursements; and

    E. Such other and further relief as this Court deems just and proper.

The exact nature and extent of Plaintiff's damages have yet to be calculated, and Plaintiff will seek leave of Court to amend this complaint to conform to proof at the time of trial.

Respectfully submitted,

/s/ Robert C. Hilliard
_____

Robert C. Hilliard
State Bar No. 09677700
Federal ID No. 5912

/s/ Catherine Tobin
_____

Catherine Tobin
State Bar No. 24013642
Federal ID No. 25316

/s/ Rudy Gonzales
_____

Rudy Gonzales
State Bar No. 08121700
Federal ID No. 1896


/s/ Justin Williams
_____

Justin Williams
State Bar No. 21555800

**HILLIARD MUNOZ GONZALES, LLP**

719 S. Shoreline Boulevard
Suite 500
Corpus Christi, Texas 78401
Telephone:   (361) 882-1612
Facsimile:    (361) 882-3015
Email:   bobh@hmglawfirm.com

*COUNSEL FOR PLAINTIFF*